Good morning, Your Honors, and may it please the Court. My name is Stacey Jackson from the Federal Defender's Office on behalf of the appellant Mr. Raheem Lee. I will watch my own time, but may I please reserve two minutes for rebuttal? Thank you. Your Honors, this case deals with the fundamental Sixth Amendment right to confront the witnesses against you at trial, which Mr. Lee ultimately did not have the opportunity to do. We ask this Court to reverse and remand the lower court's decision for two particular reasons. First, Mr. Lee's Sixth Amendment rights under the Confrontation Clause of the Sixth Amendment were violated when the magistrate judge erroneously admitted a testimonial DMV verbal notice of action into evidence. Why is the verbal notice testimonial? Your Honors, the DMV custodian of records in this case, her testimony explicitly states that this notice is a testimonial document because part of its purpose is to be used in court. According to the record between pages 77 and 79, the DMV custodian specifically states that drivers are advised that they're signing this document under penalty of perjury and that they are told that the document will stand in a court of law. Counsel, even if we were to agree that in the abstract this were a testimonial document, why isn't the Sixth Amendment problem completely obviated by the fact that your client signed this document and thus this is an admission by your client and thus there's no Sixth Amendment problem at all because your client signed this and it's an admission? Well, Your Honors, according to the record here on, I believe, pages 96 and 97, Mr. Lee did testify that he does not remember signing this document. But isn't that the real issue here? The only reason it was used was to show that he did get something. It was in response to his own allegation. If it had just been put in for the truth of the matter, that would be one thing. But he claimed he didn't get any of these, more than one document, and it was admitted to show that, yeah, he did get something and, indeed, he signed for it. That's not testimonial, is it, Counsel? Well, Your Honor, according to the record on page 166, the magistrate judge did note that he was admitting the document for the purpose of showing that Mr. Lee ultimately did have knowledge, which is something that the government has the burden of proving in this case. Counsel, at page 148 of the excerpt of record, there's a question put to your client. Do you recognize that signature where it says, signature of person served? And the answer is, it appears to be my signature, sir. And then on page 149 and 150, and you believe it's your signature on the last page, correct? Yes, sir, I do believe that's my signature. Isn't that what your client testified to? That is correct, Your Honor. However, he did testify earlier on that he didn't remember signing the document. And there was also evidence from his property manager that he likely never received the other two documents that were admitted. But then isn't that simply a matter that doesn't go to admissibility, but it goes to weight if the trier of fact believes that your client signed it? And he certainly has the ability to, and he certainly seems to have found that your client did. Doesn't that convert this to an admission that totally obviates the Sixth Amendment problem? Potentially, Your Honor. But in this case, the DMV custodian, you know, she testified numerous times that the document was testimonial, and the defense rebutted ultimately based on the admission of this document and the presumption that he had knowledge that he received these documents. The defense rebutted that with evidence from his property manager that he likely never received it. And he did testify under oath that he didn't remember signing this document. And we can presume that people, when they go to DMV, they sign a number of documents. And that's also something that the custodian of records testified, that it is a busy place and that multiple documents are signed. So outside of this document, there's no other evidence to show that Mr. Lee did have knowledge that his license was suspended or that the stay was lifted or imposed. Well, that's, I'm sorry. But that's only if the trier of fact believed your client that he didn't receive the mailings. The testimony was that they were mailed. They were mailed to his address. And while the trier of fact was free to believe your client, he was also free to believe that your client did receive them. So there is potentially other evidence if your client is disbelieved, correct? Potentially, Your Honor. However, the other two documents that were admitted had conflicting information. So for all we know, Mr. Lee could have thought that his license was going to be suspended or that the stay would be in place until February 9th, which is what the admin per se hearing notice stated. And the other document stated that it would have been in place until January 23rd. And this incident happened on January 27th. So there were already conflicting dates and information. So there was no other way to prove that he had knowledge outside of this document. No other way? There's no other evidence in the record you're saying? Outside of these three particular documents and this first one, the verbal notice being. Was there a credibility finding made by the court with regard to his explanation about the lost mail? I do believe that they did look into that. I'm not entirely sure what the court did determine based on Mr. Lee's credibility, but the defense did present evidence to corroborate Mr. Lee's story that he didn't receive the other two documents. Do you agree, Counselor, take a hypothetical. If your client says, I did not receive this document. And the document is presented showing that he signed for the receipt of the document. Do you agree that's not testimonial about what the content of the document is? The content of that document, which the judge did inquire into and he did inquire into the substance of that. There is a conversation that is behind that document. There was a DMV employee who ultimately, according to the document, I believe it's on page 206. It ultimately is the content of a conversation between someone who Mr. Lee never got to cross. This is used for impeachment. And that's not a confrontation issue, is it? I suppose not. But in terms of the confrontation clause and trying to pull out biases and being able to confront the witnesses against you, Mr. Lee still did have his Sixth Amendment right to cross this person. I mean, if you look at what Justice Scalia wrote in connection with the original recent confrontation clause, there you had lab results that were the basis of convicting the person. And the lab person who did the test wasn't there. So there was no way to get behind it. That's a confrontation clause for a problem. Whereas here, your client said X. And the proof that he was potentially not telling the truth was in his acknowledgement of the receipt of the document. It really didn't matter what the document said. It was one of the documents he said he didn't get, and he signed for it. So that went to impeachment. That's not confrontation, is it? Well, Your Honor, looking at something similar to the example that you are bringing up, the United States Supreme Court decided that Melendez-Diaz was a drug trafficking case. There was drug lab analyst certificates. And in that case, it was found to violate the confrontation clause because those documents were specifically made under circumstances which would have led an objectively reasonable witness to believe that they were made for trial. But with respect, Melendez, of course, was the one I was referring to. But in that case, let's say that they had never used the content of the lab report in that case. All that was involved was to say that the report had been sent to Melendez. And he said, I didn't get that report. And yet they have a copy of the report, and he signed, I received this. That wouldn't be a violation of the confrontation clause, would it? Potentially not, Your Honor. But in this case, this document was not admitted for a limited purpose. And so, for those reasons, it appears to us that the Sixth Amendment was violated. If you want to save any of your time, I think you ought to do so. Thank you. If you have to do so, please do. Thank you. So we'll hear from counsel. Good morning. Good morning, Your Honors. May it please the Court. Eric Chang for the United States. Your Honors, I'd like to start by addressing counsel's point that there was no other way, aside from those three pieces of evidence, for the magistrate judge to find that Mr. Lee had notice that his license was suspended. That is not true. The defendant's own Exhibit 1, which is found at ER 207, I believe, that document itself, on the bottom left, it shows that a verbal notice was given. And that can be read in tandem with the DMV custodian's testimony, that this notation occurs when someone with a license shows up to the DMV and is told that they have a suspended license. And this is further corroborated by the defendant's own testimony that he was at the DMV on October 17th. Now, even beyond this, the magistrate judge noted that he found Mr. Lee guilty because Mr. Lee had an ID card, which he — which the judge found to be indicative of Mr. Lee's knowledge that he didn't have a license. And when Mr. Lee was stopped by the officer that cited him, Mr. Lee didn't, you know, say that he had an administrative stay. He didn't say that he had a — he didn't have a license but that his — that the stay was in effect. He didn't have the stay with him. Instead, he presented an ID card and said that he had a valid license at home. All of this in tandem with — with the verbal notice of action, with those two documents, shows that there's more than enough evidence even beyond those three documents for the magistrate judge to find that Mr. Lee had notice. The other point that I'd like to touch on is that this verbal notice of action was admitted for the substance. This has been talked about previously, but I'd like to emphasize that the record is very clear that this notice was not admitted for non-hearsay purposes. That's found in the record on ER 67 to 68, again 68 to 69, again on ER 69. And then 171, 173, and 174. Well, counsel, I know that that's what the magistrate judge said. I don't really understand that because it's not clear to me for the verbal notice of action what relevance it actually could have in the case other than that the notice was, in fact, given to Mr. Lee who signed it. So I know that's certainly what the magistrate judge said, but whatever he said he received it for, doesn't it directly go to the issue of whether or not Mr. Lee received the notice? Well, Your Honor, the fact that the magistrate judge admitted this document, just the fact that this document exists is indicative that Mr. Lee had notice. Even without the substance of this document, which I think would go towards weight rather than — which would help the document's weight, the fact that this document exists corroborates the testimony of the DMV employee that the standard procedures is, you know, when somebody doesn't have a license and shows up at the DMV, they're told that they have notice. I'm still not sure I understand that. I mean, this document says he got notice, and its relevance is that he got notice. It doesn't corroborate that he got notice that somewhere else it says he got notice. Well, the fact that this document exists, the fact that this exists is indicative of notice, even if we don't look at the — But if you don't use the truth of what the document says, the document is meaningless. It's circular to say the existence of the document itself shows notice. The existence wouldn't show notice unless you're relying on the truth of what's stated in the document.  Actually, I think the existence of the document, when viewed in light of the DMV custodian's testimony, I think that shows or at least it gives the inference that verbal notice was given. Is this document testimonial? No. I don't believe that it is. But in this case, we're arguing that it wasn't admitted for hearsay purposes in the first place. You're also arguing that even if it was, the error was harmless, correct? Correct. And I'm also — I guess I'm arguing that in the alternative, you know, if it were admitted for hearsay purposes, then the verbal notice of action itself is non-testimonial. And that would be based on, I believe, this Court's prior ruling only a few months ago in Lopez. That's a non-precedential and not controlling case, but it deals with the exact same document being admitted for the exact same purpose. And in that case, they found that this document was a public record. I believe counsel — in counsel's reprieve, they make some attempts to distinguish it by saying that this document was admitted in this case, that the verbal notice of action was — part of the purpose was to be used in litigation. I think that's a misstatement of the DMV custodian's actual testimony. On direct, the DMV custodian's testimony, in fact, was that this document might be used for court. So if there are no further questions, Your Honors, the government will submit. Thank you. Thank you, Your Honors. So you have some rebuttal time, I believe. Your Honors, I just have one point on rebuttal, and that is that opposing counsel mentioned the case of U.S. v. Lopez. And I'd like to just briefly distinguish that case, because in that case, there was no DMV custodian of records who testified that this document was for use in court. And over the course of 20 pages, between pages 77 and 97 of the record, Ms. Froh-Johnson did testify on direct and cross that this document was made for the purpose of coming to court. And although Mr. Lee went numerous times to the DMV, he testified that he never received any information in regards to the suspension or the stay. And regardless of having an ID when he approached the gate at the Tracy Depot defense, that doesn't mean that his Sixth Amendment rights just go away. Now, let me ask you this. You've argued your point as opposing counsel. Is this your best argument in the case, this confrontation issue? I do think that it is the most substantial issue here, Your Honor. And ultimately, allowing the government to admit this document and its substance as the main piece of evidence to show that Mr. Lee had knowledge without calling the DMV person who had that conversation with him, this is the exact evil that the Confrontation Clause seeks to prevent. And with that, Your Honors, thank you. Thank you very much. Thanks to both counsel for your argument. The case just argued is submitted. We will now hear argument in the case of United States v. Johnson.
judges: M. Smith, Nguyen, Bennett